**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBI JOHNSON, ) | NO. CV 13-496-AS |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on March 29, 2013, seeking review of the Commissioner's denial of disability benefits. (Docket Entry No. 3). Defendant filed an Answer and the Certified Administrative Record on August 13, 2013. (Docket Entry Nos. 10-11). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 16, 23). Plaintiff filed a motion for summary judgment on November 7, 2013. (Docket Entry No. 25). Defendant filed a cross-motion for summary

judgment on December 6, 2013.  (Docket Entry No. 26).  The Court has taken both motions under submission without oral argument.  <u>See</u> L.R. 7-15; "Case Management Order," filed April 2, 2013 (Docket Entry No. 6).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since August 14, 2009, based on the following physical and mental impairments: diverticulosis, spastic colon, bipolar disorder, depression and irritable bowel syndrome ("IBS") (Administrative Record ("A.R.") 174).  An Administrative Law Judge ("ALJ") examined the record and conducted an administrative hearing on December 21, 2011 (A.R. 36-79).  The ALJ heard testimony from Plaintiff (A.R. 40-70, 77-78), and vocational expert Luis Mass  (A.R. 70-76).  Plaintiff was represented by counsel (A.R. 36)[1].  On February 10, 2012, the ALJ issued a decision finding that Plaintiff was not disabled and denying Plaintiff's application for disability benefits.  (A.R. 22).  On January 23, 2013, the Appeals Council denied review. (A.R. 1-3).

The ALJ followed the five-step evaluation process for determining whether a claimant is disabled set forth in 20 C.F.R. § 404.1520, and made the following findings: (1) Plaintiff has the following severe medically determinable impairments: diverticulosis, spastic colon, obesity, hyperlipidemia, planter fasciitis, arthritis in her left knee, bipolar disorder and depression.  (A.R. 11); (2) Plaintiff's impairments do not meet or equal a listing impairment (A.R. 11-13); (3) Plaintiff

---

[1]  Plaintiff is no longer represented by counsel and is proceeding in *pro per*.

retains the residual functional capacity ("RFC") to perform light work with some modifications (A.R. 13-20); (4) Plaintiff lacks the RFC to perform her past relevant work (A.R. 20-21); and (5) Plaintiff is able to perform jobs consistent with her age, education, work experience, and RFC that exist in significant numbers in the national economy. Specifically, the ALJ determined that Plaintiff could perform such jobs as assembler (small parts and production) and housekeeper/cleaner. (A.R. 21-22). In making these findings, the ALJ found Plaintiff's allegations and testimony regarding the intensity, persistence, and limiting effects of her symptoms to be less than fully credible. (A.R. 14-17).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the cumulative effect of her impairments prevent her from working in a structured work environment. (Plaintiff's Motion at 1).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial Evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066

(9th Cir. 1997)).  It is "relevant evidence, consistent with the entire record, which a reasonable person might accept as adequate to support a conclusion."  Hoopai, 499 F.3d at 1074; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).  To determine whether substantial evidence supports a finding, "a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 1997)(internal citations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(inferences "reasonably drawn from the record" can constitute substantial evidence).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (same).  However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973).  "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, [a] court may not substitute its own judgment for that of the [Commissioner]." Reddick, 157 F.3d 715, 720-21 (9th Cir. 1998)(internal citations omitted).

///

///

///

4

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[2] legal error.

**I.   Substantial Evidence Supports the ALJ's Conclusion That Plaintiff Can Work.**

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled.  Plaintiff's treating doctors did not place any restrictions on Plaintiff's ability to work or provide an opinion regarding her disabiltiy.  (A.R. 16).  A physical examination on September 23, 2009 revealed that although Plaintiff had a history of IBS, she did not report any abdominal pain or change in bowel habits (A.R. 273).  An examination on December 29, 2009 was also normal except for mild abdominal tenderness.  (A.R. 295).  A physical examination in January 2010 was normal even though Plaintiff, who  reported that she had lost 26 pounds by eating properly and exercising, complained of daily diarrhea and chronic abdominal pain.  (A.R. 297-98).  An examination on March 20, 2010 was also normal with no tenderness in the abdominal region.  (A.R. 313).  The doctor's notes reflect that Plaintiff had seen a "Riverside GI who did not put patient on disability

---

[2]    The harmless error rule applies to the review of administrative decisions regarding disability.  See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (A decision of the ALJ will not be reversed for errors that are harmless).

and per patient wants further testing done. Patient refused." (A.R. 311-112). On May 19, 2010, Plaintiff sought a second opinion regarding her request for disability benefits. She complained of pain and diarrhea and requested that she be placed on disability. (A.R. 321). However, a physical exam was normal and the doctor advised Plaintiff to try the medication that had been prescribed to her for her symptoms. (A.R. 319-21). The doctor also noted that Plaintiff's recent stool tests were negative for the presence of white blood cells which are normally indicative of inflammatory bowel disease. (A.R. 320). During a visit with her treating doctor on June 20, 2010, Plaintiff again stated that she wanted to be placed on disability but her doctor's notes indicate that "she doesn't qualify for disability by GI criteria of IBS." (A.R. 16, 330-33).

The ALJ also determined that Plaintiff's obesity did not support a finding of disability, noting that the available medical evidence did not suggest that her weight caused any functional limitations. (A.R. 12, 18, 255-59). See Celaya v. Halter, 332 F.3d 1177, 1181 n.1 (9th Cir. 2003)(obesity may be considered in determining disability if determined to impact musculoskeletal, respiratory, or cardiovascular system).

With respect to mental health issues, Plaintiff was initially diagnosed with bipolar disorder but subsequently deemed to have depressive disorder and borderline personality disorder. In September 2010, Plaintiff was admitted to the hospital on a two-day psychiatric hold for a suicide attempt by overdosing on pills. (A.R. 18-20, 267, 343-49, 363, 512-513). At the time of discharge, she was diagnosed

with Major depressive disorder and borderline personality disorder. (A.R. 343-45).   A subsequent physical examination in October 2010 did not reveal any abnormalities.   (A.R. 357).   A November 2010 mental health examination also did not reveal any cognitive deficits and Plaintiff reported that her medication was effective in controlling her symptoms.   (A.R. 479, 487).   Subsequent mental health examinations in December 2010 and January 2011 were within normal limitations. (A.R. 478-79, 487).   See also A.R. 530-84 (physical and mental health visits from March 3, 2011 to January 3, 2012).

The ALJ noted that the non-examining State agency medical physicians who reviewed Plaintiff's medical records had found her overall physical condition to be non-severe. (A.R. 20, 369, 497-498). However, the ALJ did not give these opinions great weight because these medical consultants did not have the benefit of considering additional evidence submitted by Plaintiff and her testimony regarding her subjective complaints. (A.R. 20). After taking these factors, including the diagnosis of depression and personality disorder, into account, the ALJ found Plaintiff's physical impairments to be severe and determined an RFC that "takes into account the relatively benign objective findings but also generously considers [plaintiff's] subjective complaints." (A.R. 20).

The ALJ determined that Plaintiff had the RFC to perform light work, that she was able to "lift and/or carry 20 pounds occasionally and 10 pounds frequently . . .[and] stand and/or walk for six hours out of an eight-hour workday with regular breaks." (A.R. 13).   The ALJ also determined that Plaintiff must avoid even moderate exposure to excessive

7

vibrations, unprotected heights, and the use of hazardous moving machinery, that she was limited to "simple routine and repetitive tasks . . . work that is isolated from the public. . . occasional supervision and only occasional interaction with coworkers." (A.R. 13).  The ALJ's RFC finding incorporated the opinions of the non-examining State agency mental medical consultants who opined that Plaintiff could perform nonpublic simple and repetitive tasks. (A.R. 20, 369, 383).  These opinions provide additional support for the ALJ's decision that Plaintiff is not disabled.  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (non-examining physician's opinion may constitute substantial evidence when opinion is consistent with independent evidence of record).  Here, The record contains no medical opinions regarding Plaintiff's alleged limitations other than the opinions of the state agency physicians.

The vocational expert ("VE") testified that a person having the limitations identified by the ALJ could not perform Plaintiff's past relevant work as an animal caretaker, veterinary technician, fast- foods worker and trailer-rental clerk. (A.R. 21).  However, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform job duties associated with the following light, unskilled occupations: (1) Assembler, small parts; (2) Assembler, production; and (3) Cleaner, housekeeper.  (Id.).  The VE also testified that these positions were available in substantial numbers in the regional and national economy.  (Id.).
This testimony furnished substantial evidence for the ALJ's determination that Plaintiff is not disabled.  See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)

(vocational expert opinion evidence is reliable to support a finding that a claimant can work if hypothetical questioning "set[s] out *all* the limitations and restrictions of a particular claimant") (citation omitted); <u>see also</u> 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony.  Thus, no additional foundation is required.").

**II.  <u>The ALJ Did Not Materially Err In Evaluating Plaintiff's Credibility</u>**

Where, as here, the ALJ finds that a claimant suffers from a medically determinable impairment that could reasonably be expected to produce his or her alleged symptoms, the ALJ must evaluate "the intensity, persistence, and functionally limiting effects of the symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities.  This requires the [ALJ] to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effect." Social Security Ruling ("SSR") 96-7p.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1124 (9th Cir. 1990); <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>see also</u> <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same) <u>but see</u> <u>Smolen v. Chater</u>,

9

80 F.3d 1273, 1283-84 (9th Cir. 1996) (indicating that ALJ must provide "specific, clear and convincing reasons to reject a claimant's testimony where there is no evidence of malingering).   see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).[3]   Generalized, conclusory findings do not suffice.   See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); and Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). See also Social Security Ruling 96-7p.

    In the present case, the ALJ stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

    First, the ALJ properly noted inconsistencies in Plaintiff's

---

[3]    In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.   See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012);   Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011);   Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).   As set forth infra, the ALJ's findings in this case are sufficient under either standard, so the distinction between the two standards (if any) is academic.

testimony and statements regarding her condition. Plaintiff testified that she was fired from her previous employment because she violated corporate policy and not because of her physical impairments, thus undermining her claimed disability onset date of August 14, 2009 which was the last day that she worked. (A.R. 14, 16, 40-41). Plaintiff claimed that after she was fired, she was unable to get a job because of her need for frequent bathroom breaks. (A.R. 14, 42-43). Yet, Plaintiff falsely told her doctor that she was fired due to her medical condition. (A.R. 16, 311). The ALJ also noted additional inconsistencies in Plaintiff's testimony when she stated that she could not drive due to the medications that she was taking and did not leave her house because of her need to be close to the bathroom and because she did not trust people, but admitted that she had driven to the grocery store three days prior to the hearing and had visited her neighbors several times in the past week. (A.R. 14, 16, 51-55). The ALJ found these inconsistencies undermined Plaintiff's credibility and the reliability of the information she provided. (A.R. 16). An ALJ may consider inconsistencies in the claimant's testimony and statements or between the testimony and conduct. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (conflicting information from claimant supported the rejection of the claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies in claimant's various statements cited as a clear and convincing reason for rejecting the claimant's testimony).

Second, Plaintiff did not follow treatment recommendations. She admitted that even though her treating doctors had told her that her

symptoms could be alleviated by her diet, she did not have a healthy diet. (A.R. 14, 45). She also testified that she used marijuana to relieve the pain in her stomach instead of taking the pain medication that her doctor had prescribed, or seeking treatment from a gastrointestinal specialist, or having the additional testing that the specialist had recommended. (A.R. 14-15, 49). See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (AlJ may consider an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment)(citing Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly excruciating pain" was adequate reason to reject claimant's pain testimony); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination).

Third, the ALJ found that the medications Plaintiff was taking had been relatively effective in controlling her symptoms. (A.R. 15) Plaintiff admitted that medication was effective in controlling her diarrhea and abdominal symptoms, and in helping to control her panic attacks and her agitation. (A.R. 14-15, 316-17, A.R. 492, 560). She also testified that, with respect to her two-day hospitalization, she had been taking the wrong medication, which had since been changed, and that the new medication was helping her and she was getting better. (A.R. 60-61, 64).

Fourth, the ALJ found that Plaintiff's daily activities were not

12

limited to the extent that would be expected given her complaints of disabling symptoms. (A.R. 14). He noted that Plaintiff was able to attend to her personal needs, prepare multi-course meals, clean her house and do laundry, shop for groceries, visit with friends, and care for her three dogs and two cats, (A.R. 14-15, 51-54), and that her ability to engage in such activities undermined her allegations of disabling functional limitations. (A.R. 15). The ALJ's finding was also supported by the fact that, despite her alleged symptoms and limitations, Plaintiff was able to go on a two-week vacation after the alleged onset of disability. (A.R. 16). The extent of a claimant's daily activities can constitute "clear and convincing reasons" for discounting the credibility of a claimant's testimony that the claimant cannot work. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005)(daily activities in caring for own personal needs, cooking, cleaning, and shopping undermined claimant's credibility since those skills could be transferred to the workplace); see also Rollins v. Massanari, 261 F.3d at 857 (claimant's testimony regarding daily domestic activities undermined the credibility of her pain-related testimony). Thus, the ALJ properly found that, given her daily activities, Plaintiff's testimony concerning allegedly disabling pain could be discounted. See e.g., Thune v. Astrue, 2012 WL 5990952, at *1 (9th Cir. Nov. 29, 2012) (ALJ properly discredited pain allegations as contradicting claimant's testimony that she gardened, cleaned, cooked and ran errands); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (claimant's "normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" was sufficient explanation for rejecting claimant's

credibility). [4]

Fifth, the ALJ properly determined that Plaintiff's allegations regarding the severity of her symptoms and limitations were not supported by the objective medical evidence in the record, noting that none of Plaintiff's treating doctors had placed any restrictions on her physical or mental abilities, her physical examinations did not support her asserted limitations, and that a stool study revealed the absence of white blood cells that are usually present with IBS. (A.R. 15-16). The ALJ also observed that Plaintiff's mental status examinations were largely unremarkable and that even after she was placed on a 5150 hold, she was described as normal, cooperative, and having coherent and logical thought processes, fair insight and judgment and unimpaired impulses. (A.R. 15, 345). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by

_____

[4]   It is difficult to reconcile certain Ninth Circuit opinions discussing when a claimant's daily activities may properly undermine the claimant's credibility. Compare Stubbs-Danielson v. Astrue , (cited above) with Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001)("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability" where these physical activities do not consume "a substantial part of [claimant's] day")(emphasis in original), and Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg pain). Because of this difficulty, the Court elects not to rely on the ALJ's finding regarding Plaintiff's daily activities. However, even if the ALJ's partial reliance on Plaintiff's daily activities as a basis for discounting her credibility was improper, the Court nevertheless upholds the credibility determination because the ALJ provided other independent basis for his adverse credibility determination. See Carmickle v. Commissioner , 533 F.3d 1155, 1163 (9th Cir. 2008) (infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain).

objective medical evidence, the medical evidence is still a relevant factor. . . .” <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence supports the ALJ's finding that Plaintiff's physical and mental limitations were not as disabling as she claimed.

Finally, the ALJ also considered and properly discredited the third party function report completed by Plaintiff's husband, noting that the statements in that report were similar to the Plaintiff's subjective complaints and not credible to the extent that they were inconsistent with the ALJ's RFC determination. (A.R. 16). The ALJ may reject lay testimony inconsistent with the medical evidence. <u>Lewis v. Apfel</u>, 236 F.3d 503, 512 (9th Cir. 2001). <u>See</u> <u>Valentine</u>, 574 F.3d 685, 694 (9th Cir. 2009) (where ALJ provides clear and convincing reasons for rejecting the claimant's own subjective complaints and where lay witness testimony was similar, ALJ also gave germane reasons for rejecting lay witness testimony).

Thus, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. The Court therefore defers to the ALJ's credibility determination. <u>See</u> <u>Lasich v. Astrue</u>, 252 Fed. Appx. 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); <u>accord</u> <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1464 (9th Cir. 1995). Where the ALJ has made specific findings justifying a decision to disbelieve Plaintiff's symptom allegations and those findings are supported by substantial evidence in the record, “we may not engage in second guessing.” <u>Thomas v. Barnhart</u>,

15

1    278 F.3d 947, 958-59 (9th Cir. 2002).

2

3                              **CONCLUSION**

4

5        For all of the foregoing reasons, Plaintiff's motion for summary

6    judgment is denied and Defendant's motion for summary judgment is

7    granted.

8

9        LET JUDGMENT BE ENTERED ACCORDINGLY.

10

11       DATED:   June 13, 2014.

12

13                                  /s/
                                    _____
14                                  ALKA SAGAR
                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   16